

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 24, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-439

Re: The applicability of the
1% motor vehicle use tax
when automobiles are ex-
changed outside Texas by
Texas residents for use
in the State.

Dear Sir:

You have requested the opinion of this Department
in answer to the following questions:

"You will please advise this department
whether or not the 1% Motor Vehicle Use ,x should
be paid by a resident of Texas who goes outside the
State and purchases a motor vehicle, and brings it
back into Texas for use upon our public highways,
in the following cases:

"1. In regard to the 1% Motor Vehicle Use
Tax to be charged on motor vehicles that are pur-
chased outside of this State by a resident of the
State and brought into Texas for use upon our pub-
lic highways, a motor vehicle having a value of
$1,500.00 is evenly traded for another motor ve-
hicle having a value of $1,500.00, and the resident
of Texas brings the motor vehicle, for which he
traded in another State, back into Texas for use
upon our highways. Should the tax be paid?

"2. A resident of Texas trades a motor ve-
hicle having a value of $1,000.00 for a motor ve-
hicle having a value of $1,500.00, paying the dif-
ference of $500.00 in cash, and brings the $1,500.00
motor vehicle back into Texas for use upon our high-
ways. Must the tax be paid on the $1,500.00 motor
vehicle?

"3. The resident of Texas trades a motor
vehicle having a value of $1,000.00 for a motor
vehicle having a value of $800.00 and receives
a difference of $200.00 in cash, and brings the
$800.00 vehicle back into Texas for use upon our
highways. Must a tax be paid on the $800.00 ve-
hicle?"

The answers to your questions must be governed by
the provisions of Article VI, Chapter 184, Acts of the 48th
Legislature, Regular Session, 1941, page 269, known as the
"Omnibus Tax Bill" and codified as Article 7047k, V. C. S.
The pertinent sections of the above Article are as follows:

"Section 1. (a)  There is hereby levied a tax
upon every retail sale of every motor vehicle sold
in this State, such tax to be equal to one (1) per
cent of the total consideration paid or to be paid
to the seller by the buyer, which consideration shall
include the amount paid or to be paid from said motor
vehicle and all accessories attached thereto at the
time of the sale, whether such consideration be in
the nature of cash, credit, or exchange of other prop-
erty, or a combination of these.  In the event the
consideration received by the seller includes any
tax imposed by the Federal Government, then such
Federal tax shall be deducted from such considera-
tion for the purpose of computing the amount of tax
levied by this Article upon such retail sale.

"(b)  In all cases of retail sales involving the
exchange of motor vehicles, the party transferring
the title to the motor vehicle having the greater
value shall be considered the seller, and no tax is
imposed upon the transfer of a motor vehicle traded
in upon the purchase price of some other motor ve-
hicle.

"Sec. 2.  There is hereby levied a use tax upon
every motor vehicle purchased at retail sale outside
of this State and brought into this State for use upon
the public highways thereof by a resident of this State
or by firms or corporations domiciled or doing business
in this State.  Such tax shall be equal to one (1) per
cent of the total consideration paid or to be paid for
said vehicle at said retail sale.  The tax shall be the
obligation of and be paid by the person, firm, or corpora-
tion operating said motor vehicle upon the public high-
ways of this State.

"Sec. 3. (a) The term 'sale' or 'sales' as herein used shall include instalment and credit sales, and the exchange of property, as well as the sale thereof for money, every closed transaction constituting a sale. The transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

"(b) The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use.

"(c) The term 'motor vehicle' as herein used shall mean every self-propelled vehicle in, or by which, any person or property is or may be transported upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks; but this definition shall not include tractors used exclusively to pull farm machinery or road-building machinery.

"Sec. 4. The license fees and taxes imposed by or under this Article shall be in addition to any and all license fees and taxes imposed by or under any other law of this State.

"Sec. 5. The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

"When a tax becomes due on a motor vehicle purchased outside of this State and brought into this State for use upon the highways, the person, firm, or corporation operating said motor vehicle upon the public highways of this State shall pay the tax imposed by Section 2 to the Tax Collector of the county in which such motor vehicle is to be registered. The tax shall be paid at the time application is made for registration of said motor vehicle, and the Tax Collector shall refuse to issue the registration license until the tax is paid.

"Sec. 5a. At the time the tax herein levied is paid to said Tax Collector the purchaser shall file with said Tax Collector the affidavit of such purchaser (or if a corporation the affidavit of the President, Vice President, Secretary, or Manager) setting forth the then value in dollars of the total consideration received or to be received by such seller or his nominee, whether in money or other thing of value." (Emphasis added)

It will be noted that the situations referred to in your three questions all involve the exchange of motor vehicles; and if these exchanges had taken place within the State of Texas, the tax would be based upon Section 1 of the Act, being a "sales" tax. However, the tax imposed by Section 2 is a "use" tax as is disclosed by the specific verbiage above emphasized and which is based upon the "total consideration paid or to be paid for said vehicle at such retail sale."

No provision is contained in Section 2 similar to Section 1(b), although the term "retail sale" is used without any qualification throughout the act except as qualified in Section 1. Since Section 1 imposes a "sales" tax and Section 2 imposes a "use" tax, each must be viewed in the light of the intention of the Legislature at the time the law was enacted.

Both the sales tax and the use tax are revenue measures. However, it is a well-known principle of law that the essential bases for these two taxes are entirely different. The sales tax is based upon the sale of the property within the state, the tax liability accruing at the time of the actual sale of the property. The use tax is based upon the use within the state of the property, which is purchased outside of the state, and the tax liability accrues upon the first use of the property within the state. These principles of law are too well known to necessitate the citation of authorities.

If the Legislature had intended to apply the methods of ascertaining the basis of taxes due upon the retail sales involved in the exchange of property, as was done by the enactment of Section 1(b), to the use tax levied by Section 2, it could have easily enacted Section 2(b) in similar terms or if the Legislature had desired to apply the same basis where the exchange of property is involved as to both the sales and

use taxes, it could have included it in the general definitions to be found in Section 3 of the Act. However, it did neither of these things; therefore, the presumption must exist that the method of computation of all retail sales involved the exchange of property prescribed in Section 1(b) is applicable only to retail sales of motor vehicles sold in this State as provided in Sec. 1 (a).

Section 5a provides that when the tax herein levied, i.e., both under Sections 1 and 2, is paid to the tax collector, the purchaser shall file with the tax collector an affidavit setting forth "the then value in dollars of the total consideration received or to be received by such seller or his nominee, either in money or other thing of value."

Based upon the foregoing construction of the Act and particularly the emphasized portion of Section 5a, supra, the answers to your questions are as follows:

1. The 1% motor vehicle use tax should be paid on the sum of $1,500.00, being the total consideration received by the seller in payment of the motor vehicle to be used upon the highways of Texas.

2. The 1% motor vehicle use tax should be paid on the sum of $1,500.00, being the total consideration received by the seller in payment of the motor vehicle to be used upon the highways of Texas.

3. The 1% motor vehicle use tax should be paid on the sum of $800.00, being the total consideration received by the seller in payment of the motor vehicle to be used upon the highways of Texas.

## SUMMARY

A resident of this State, who goes without the State and there trades his motor vehicle for another motor vehicle which he brings into this State for use upon the public highways thereof, is required to pay the use tax imposed

by Section 2, Art. 7047k V.C.S., upon such vehicle calculated on the total considera- tion, measured in dollars, received by the person from whom he acquired such vehicle.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR/JCP/LH

APPROVED:

ATTORNEY GENERAL